

**IT IS ORDERED as set forth below:**

**Date: April 4, 2016**

_____

**C. Ray Mullins
U.S. Bankruptcy Court Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| In re: | Chapter 11 |
|---|---|
| **LEON DOUGLAS HUMPRHIES,** | Case No. 13-58138-CRM |
| Debtor. | Judge Mullins |

**ORDER CONFIRMING PLAN**

The Debtor's Amended Plan of Reorganization filed on December 1, 2015, as amended by Debtor's Second Amendment to Plan of Reorganization filed February 22, 2016 (the "Plan") came on for confirmation on March 3, 2016. It appears to the Court that a copy of the Debtor's Amended Plan of Reorganization and of the Disclosure Statement approved by the Court together with a copy of this Court's Order approving the Disclosure Statement and scheduling the hearing on confirmation was transmitted to the holders of claims and interests. It further appears to the Court that none of the changes made in Debtor's Second Amendment to Plan of Reorganization adversely affect any creditor. Thus the Court concludes that all parties received such notice and hearing as is appropriate under the circumstances of this case.

At the Confirmation Hearing the Court heard from Charles N. Kelley, Jr., counsel for the Debtor in Possession. Mr. Humphries was present in the courtroom. There was one objection to the Plan filed by Community and Southern Bank. Counsel for Community and Southern Bank was present at the hearing, and confirmed that their objection was resolved by Debtor's Second Amendment and is now moot. No other party appeared at the confirmation hearing. Based upon the

unopposed proffers made by Mr. Kelley at the hearing on confirmation of the Plan and all the pleadings and other documents filed on the docket in this Chapter 11 case, the Court finds as follows:

      1. That the Plan complies with the applicable provisions of chapter 11 of the Code;

      2. That the proponent of the Plan complies with the applicable provisions of the Code;

      3. That the Plan has been proposed in good faith and not by any means forbidden by law;

      4. A. That any payment made or promised by the proponent, by the debtor, or by any person issuing securities or acquiring property under the plan, for services or for costs and expenses in, or in connection with, the case, or in connection with the plan and incident to the case, have been disclosed to the court; and

      B. Any such payment made before confirmation of the plan was reasonable; and any such payment to be made after confirmation of the plan is subject to the approval of the court as reasonable;

      5. A. Because Debtor is an individual there are no individuals proposed to serve after plan confirmation as a director, officer, or voting trustee of the debtor, an affiliate of the debtor participating in a joint plan with the debtor, or a successor to the debtor under the plan.

      B. There are no insiders that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider;

      6. There are no governmental regulatory commissions that have jurisdiction over the rates charged by Debtor.

      7. With respect to each class:

      A. each holder of a claim or interest of such class has accepted the plan; or will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7; or

      B. If section 1111(b)(2) of the Code applies to the claims of such class, each holder of a claim of such class will receive or retain under the plan on account of such claim property of a value, as of the effective date of the plan, that is not less than the value of such creditor's interest in the estate's interest in the property that secures such claims;

      8. With respect to each class, such class has accepted the plan, or such class is not impaired under the plan;

      9. There are no claims of a kind specified in sections 507(a)(1) to (8) of the Code.

      10. At least one class of claims has accepted the plan, determined without including any acceptance of the plan by an insider holding a claim of such class;

      11. Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan.

      IT IS ORDERED that the Debtor's Plan hereby is, CONFIRMED.

END OF DOCUMENT

Prepared by:

*/s/ Charles N. Kelley, Jr.*
Charles N. Kelley, Jr.
Georgia State Bar No. 412212
Kelley & Clements LLP
Attorneys for Debtor
P.O. Box 2758
Gainesville, Georgia 30503
(770) 531-0007
email: ckelley@kelleyclements.com